T.C. Summary Opinion 2007-14

UNITED STATES TAX COURT

GENE AUTRY GLENN, II, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12877-06S.          Filed January 23, 2007.

Gene Autry Glenn, II, pro se.

<u>James H. Harris, Jr.</u>, for respondent.

RUWE, <u>Judge</u>:  This case was petitioned pursuant to section
7463[1] in effect when the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. For the reasons stated below, we must grant respondent's motion.

## Background

On July 5, 2006, petitioner filed a petition with this Court for relief pursuant to section 6015 with regard to the taxable year 2003. Attached to the petition is a letter from the Internal Revenue Service to petitioner dated November 25, 2005, informing petitioner that a "preliminary determination" had been made regarding his request for relief pursuant to section 6015.

On November 30, 2006, respondent filed a motion to dismiss for lack of jurisdiction (motion to dismiss), on the ground that the petition was not filed within the time prescribed by section 6015(e)(1)(A). Attached to respondent's motion is a computerized version of the Final Notice of Determination (final notice) sent to petitioner denying petitioner's request for section 6015 relief. The final notice is dated January 17, 2006.

## Discussion

The jurisdiction of this Court depends on the timely filing of a petition. Rule 13(c). Section 6015(e)(1)(A) requires that a petition to determine relief from joint and several liability must be filed no later than the close of the 90th day after "the date the Secretary mails, by certified or registered mail to the

taxpayer's last known address, notice of the Secretary's final determination of relief available to the individual".[2]

Respondent alleges that the final notice was sent to petitioner's last known address by certified mail on January 26, 2006. Respondent alleges further that the 90-day period for timely filing a petition with this Court from the final notice expired on April 26, 2006, 90 days after the mailing of the final notice. The petition was filed on July 5, 2006, 160 days after the mailing of the final notice.

In his response to respondent's motion to dismiss for lack of jurisdiction, petitioner does not dispute respondent's allegations or that his petition was filed after the statutory 90-day limit had passed. Petitioner simply claims that the delay in filing the petition was due to his "trying to compile the necessary Forms to send in as well as compiling proof of why relief is [in] order." Petitioner also cites his lack of Internet access and a need to "wait for conventional mail" as reasons for his delay.

Unfortunately for petitioner, section 6015 contains nothing to extend the 90-day filing period that would apply to the facts

---

[2] The Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec. 408, 120 Stat. 3061, amended sec. 6015(e)(1) and applies to all liabilities for taxes arising or remaining unpaid on or after Dec. 20, 2006, the day of the enactment. However, the amendment made no change to the 90-day limit allowed for filing a petition, and thus has no bearing on the outcome of this case.

of this case.  Our jurisdiction is dependent upon the filing requirements in section 6015(e), and we have no authority to waive these requirements.  Accordingly, the petition was untimely, and we must grant respondent's motion to dismiss for lack of jurisdiction.

An appropriate order of dismissal will be entered.